PER CURIAM:
The claimant, Linda Susan Dent, seeks an award of $227.70 from the respondent, Division of Highways, for damage to her vehicle, a 1994 Nissan. The damage occurred on Sunday, February 20, 1994, while Ms. Dent was traveling on a section of Route 60 located two miles west of the Putnam-Cabell County line. Ms. Dent was driving between 40 and 45 miles per hour when her vehicle struck a hole in the pavement. According to Ms. Dent, there were numerous holes in the pavement and berm along Route 60, and the hole which her vehicle struck extended from the berm into the paved portion of the road. Ms. Dent estimated that she traveled along this road once each week. At the time and location of the accident Route 60 was a two lane road, and no signs were present to warn motorists of the holes. As a result of the accident, the two passenger side tires of the vehicle were damaged, and the vehicle had to be towed to Ms. Dent's home.
Charles M. King, a crew chief for the respondent, testified that maintenance crews were engaged in snow removal and ice control operations during the week before the accident. In his opinion, the harsh winter weather and snow removal operations resulted in substantial deterioration of the pavement surfaces on a variety of roads. Although these conditions were not unique to Route 60, maintenance crews patched this road on a regular basis with cold mix material. Mr. King also testified that he was aware of a pavement problem at the location of the accident. However, this are was patched prior to the accident, and he was unaware of this particular hole until February 22, 1994.
*20 This court has consistently followed the rule that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S. E. 2d 81 (1947). For the respondent to held liable for damage caused by a defect in the road, it must have had notice of the defect and a reasonable opportunity to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 91986). Pritt v. Div. of Highways, Unpublished opinion issued April 4, 1995, CC-94-26.
This Court is well aware of and takes official notice that the winter months of January and February 1994, were months with severe weather conditions. These conditions contributed to the severe deterioration of many of the roads and highways throughout the State. In the instant claim, the record indicates that the respondent had patched the area where the accident occurred prior to February 20, 1994, and was unaware of this hole at the time of the accident. Therefore, the Court finds that the claimant has not established negligence on the part of the respondent. Accordingly, it is the decision of the Court that this claim must be denied.
Claim disallowed.